[Civ. No. 25108.   First Dist., Div. Two.   May 21, 1969.]

SAN MATEO COUNTY HARBOR DISTRICT, Plaintiff and
Appellant, v. BOARD OF SUPERVISORS OF SAN
MATEO COUNTY et al., Defendants and Respondents.

Goth, Dennis & Aaron and James M. Dennis for Plaintiff
and Appellant.

Keith C. Sorenson, District Attorney, and Jerome F. Cole-
man, Deputy District Attorney, for Defendants and Re-
spondents.

SHOEMAKER, P. J.—This is an appeal by plaintiff San
Mateo County Harbor District from a judgment denying it a
peremptory writ of mandate invalidating certain proceedings
undertaken for the purpose of dissolving plaintiff district.

On May 20, 1966, plaintiff filed a petition, under Code of Civil ·Procedure, sections 860 and 1094.5, for a writ of mandate vacating certain resolutions adopted by defendant Local Agency Formation Commission of San Mateo County (hereafter referred to as "LAFCO") and defendant Board of Supervisors of San Mateo County. (Also named as defendants were the individual members of both bodies and all persons interested in the proceedings intended to result in plaintiff's dissolution.)

The trial court issued an alternative writ of mandate and thereafter held a hearing at which it admitted into evidence the minutes of the proceedings held by LAFCO and the county board of supervisors, the documentary evidence considered by both bodies and the resolutions adopted by them.

The court found that the factual allegations of plaintiff's petition relative to the actions taken by LAFCO and the county board of supervisors were true; that the decisions made by both bodies were supported by substantial evidence in the light of the whole record and that neither body had abused its discretion; that the hearings before both bodies were set upon proper notice and that sufficient opportunity was given to any and all interested persons to present evidence in opposition to the proposal for plaintiff's dissolution. The court concluded as a matter of law that the actions of LAFCO and the board of supervisors in connection with plaintiff's dissolution were valid; that the question of whether plaintiff's dissolution would be in the best interest of the present and future inhabitants of plaintiff district involved a political resolution which was within the sole province of LAFCO and the board of supervisors and was not subject to review by the court; that plaintiff's petition should be denied.

Judgment was accordingly entered.

Both plaintiff and defendants have taken the position on appeal that the question to be determined by this court is whether there was substantial evidence in support of the decisions made by LAFCO and the county board of supervisors at the hearings held by those bodies on March 22 and April 7, 1966. However, an examination of the minutes and other documents pertaining to the LAFCO hearing held on the former date reveals that in fact the determinative question is whether LAFCO did or did not fulfill its duty to evaluate the evidence before it and arrive at a decision either approving or

disapproving the proposed dissolution of plaintiff harbor district.

Before reviewing the proceedings conducted by LAFCO, we summarize the applicable statutory provisions governing LAFCO's purpose, duties and powers.

Government Code,[1] section 54774, provides in pertinent part that the purposes of LAFCO include "the discouragement of urban sprawl and the encouragement of the orderly formation and development of local governmental agencies based upon local conditions and circumstances. . . ."

The District Reorganization Act of 1965 (Gov. Code, § 56000 et seq.) contains the following pertinent provisions:

Section 56001 provides that "This division shall provide the sole and exclusive authority and procedure for the initiation, conduct and completion of changes of organization. . . ."

Section 56028 provides that the term "change of organization" shall include the dissolution of any district.

Sections 56195 and 56196 authorize the legislative body of a county to initiate proceedings for a change of organization by adopting a resolution of application for such change and filing a copy thereof with the executive officer of LAFCO.

Section 56197 provides that a resolution of application for any change of organization shall be mandatory, and section 56262 provides that upon the filing of a mandatory resolution of application, the executive officer of LAFCO shall set the matter for hearing and give notice thereof.

Section 56250 provides that LAFCO shall have the power and duty to review and approve or disapprove proposals for changes of organization. It further provides that LAFCO's powers and duties shall be exercised in accordance with the provisions of chapter 6.6 of part I, division 2, title 5 of the Government Code.

Section 54796, which is contained in chapter 6.6, enumerates in great detail the various factors to be considered by LAFCO, including the need for organized community services, the present cost and adequacy of governmental services and controls in the area, probable future needs for such services and controls and the effect of the proposed action and of alternative actions, on adjacent areas, on mutual social and

---

[1] All sections hereafter referred to are contained in the Government Code.

economic interests and on the local governmental structure of the county.

Section 56270 provides that within a specified period after the conclusion of the hearing before LAFCO, it "shall adopt a resolution making determinations approving or disapproving the proposal. . . ." It further provides that in a resolution approving a proposal, LAFCO may determine that the same shall be made subject to any of the terms and conditions authorized by section 56470.

Section 56273 provides that if LAFCO wholly disapproves any proposal, no further proceedings shall be taken for such change of organization and that no new proposal for the same or substantially the same change of organization may be filed with LAFCO within one year after the date of disapproval unless LAFCO should waive or shorten such time limit.

Section 56274 provides that if a proposal is approved by LAFCO wholly, partially or conditionally (as authorized by section 56470), it shall be mandatory for the board of supervisors to take proceedings subject to compliance with LAFCO's resolution-making determinations.

Section 56006 provides that all "determinations" made by LAFCO shall be final and conclusive in the absence of fraud or prejudicial abuse of discretion and that a prejudicial abuse of discretion shall be established if the court finds that any "determination" of LAFCO was not supported by substantial evidence in light of the whole record.

■ These statutory provisions establish that LAFCO was empowered and obligated by the Legislature to make the initial determination relative to the advisability of any proposed change of organization. The provisions in question make LAFCO's approval of any proposed change of organization a condition precedent to the taking of any further proceedings for such change by any other local body. LAFCO's determination for or against a particular proposal for a change of organization is to be made after hearing and after a consideration of the various factors specified in section 54796. Thus LAFCO is required to evaluate the evidence for and against a particular proposal and to make its own independent decision or "determination" approving or disapproving the proposal. In our opinion, until LAFCO has affirmatively fulfilled this duty, any further steps to effect a particular change of organization are prohibited by the District Reorganization Act of 1965.

The minutes of the LAFCO hearing held on March 22, 1966 show that all interested parties present at the hearing were allowed to express their varying points of view for and against the proposed dissolution of plaintiff harbor district. LAFCO also had the benefit of a report previously prepared by its executive officer which reviewed the history of plaintiff harbor district and concluded, in essence, that there appeared to be no valid reason why the question of the dissolution of the district could *not* be submitted to the voters.

The minutes of said meeting further show that at the conclusion of the hearing, one of the members of the commission expressed the view that he would like to be better informed as to the alternative agencies which would assume the functions of plaintiff district were it to be dissolved. He suggested that a continuance would be in order. The district attorney then advised the commission that if it passed the matter on to the county board of supervisors, it would in effect be indicating that it favored the dissolution of plaintiff district. He further stated that the commission's alternatives were to adopt a resolution approving the dissolution and referring it to the board of supervisors, adopt a resolution disapproving the dissolution, or adopt a resolution approving the dissolution subject to certain conditions. He indicated that it would be appropriate to condition a resolution of approval (in accord with § 56470) on the county's succeeding to the rights, duties and obligations of plaintiff district.

The minutes then state: "Discussion ensued and it was unanimously agreed to send an accompanying letter with the resolution stating that the Commission *did not particularly recommend the dissolution of the Harbor District* and that they felt it should be given further hearing.

"Commissioner Lawson moved approval of the adoption of a resolution *referring* the matter of the dissolution of the San Mateo County Harbor District to the Board of Supervisors. Motion was seconded by Commissioner Hamilton and unanimously carried.

"Chairman Wilson then instructed the Executive Officer to prepare the resolution and accompanying letter to submit to the Board of Supervisors." (Italics supplied.) The meeting was then adjourned.

On the same day, March 22, LAFCO transmitted to the county board of supervisors a resolution approving the dissolution of plaintiff district subject to the conditions suggested

by the district attorney. The resolution was accompanied by a letter which was signed by LAFCO's executive officer and which stated, in pertinent part: "While legal language requires construction of the accompanying resolution as presented, the Local Agency Formation Commission wishes to express its personal reservations concerning the dissolution of the Harbor District."

The foregoing excerpts from the minutes and from the letter transmitting the LAFCO resolution leave no doubt whatever that LAFCO did not fulfill the duty imposed upon it by the Legislature, that it did not make its own independent determination relative to the advisability of dissolving plaintiff harbor district and that it chose, on the contrary, to leave the question unresolved and to pass it on to the county board of supervisors for decision. Both the minutes and the letter of transmittal indicate that the members of LAFCO had serious doubts about dissolving plaintiff district and that the resolution which purportedly approved plaintiff's dissolution was utilized solely as a means by which LAFCO could, in effect, delegate its decision-making powers to the board of supervisors. The District Reorganization Act of 1965 authorizes no such delegation of power and imposes upon LAFCO and no other body the duty to make the initial determination either to approve or disapprove a proposed change of organization.

The record makes it clear that LAFCO did not, in the required sense, "approve" plaintiff's proposed dissolution. Such approval was a condition precedent to the county's right to effectuate the dissolution. We conclude that the dissolution proceedings were invalid.

The judgment is reversed, and the trial court is directed to grant plaintiff harbor district a writ of mandate compelling LAFCO and the county board of supervisors to vacate the proceedings purportedly resulting in plaintiff's dissolution and to proceed in accordance with the views herein expressed.

Agee, J., and Taylor, J., concurred.

A petition for a rehearing was denied June 20, 1969, and respondents' petition for a hearing by the Supreme Court was denied July 16, 1969.